**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

VISTA 301 INVESTMENT LLC DBA / VISTA SHOPPING CENTER LLC,

Plaintiff, CASE NO.: 4:25-cv-4314

v.

ACCREDITED SURETY AND CASUALTY COMPANY, INC.,

Defendant.
_______________________________________/

## SECOND AMENDED COMPLAINT

COMES NOW, VISTA 301 INVESTMENT LLC DBA / VISTA SHOPPING CENTER LLC, (hereinafter "Plaintiff") by and through the undersigned counsel, and hereby files this Second Amended Complaint against ACCREDITED SURETY AND CASUALTY COMPANY, INC. ("Defendant") and in support thereof alleges the following:

## PARTIES

1. Plaintiff is a Limited Liability Company registered in the state of Texas and principally located at 301 Vista Rd, Pasadena, TX 77504. Plaintiff is the owner of the real property or properties located at 301 Vista Rd, Pasadena, TX 77504 in Harris County.

2. Defendant is a foreign corporation registered and licensed to sell insurance in the State of Texas. Defendant's principal address is 4798 New Broad Street, Suite 200, Orlando, FL 32814, and its registered agent for service of process in Texas is the Commissioner of Insurance for the Texas Department of Insurance, Chief Clerk Office, Mail Code GC-CCO, PO Box 12030, Austin, Texas 78711-2030.

## JURISDICTION & VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## BASIC PREMISE

5. This is a breach of contract case which arises from a property insurance policy contract entered into by Plaintiff and Defendant. Plaintiff is an insured under the subject insurance policy. Said underlying insurance policy contract contains property insurance coverage for wind and hail. Despite Plaintiff's demand to Defendant to pay Plaintiff their full benefits consistent with the damages to their property, Defendant has refused Plaintiff's request and demand.

## FACTUAL BACKGROUND

6. This lawsuit arises out of the following transactions, acts, omissions, and/or events.

7. In consideration for the premium paid by Plaintiff to Defendant, Defendant provided property insurance coverage to Plaintiff for the property or properties (hereafter referred to as the "Properties") listed under the insurance policy bearing number 1ABPTX05127233302 (hereafter referred to as the "Policy"). Please see attached hereto as Exhibit A the Policy. Plaintiff reserves the right to supplement this Complaint by attaching a full copy of the Policy.

8. The Policy purchased by Plaintiff covers direct physical loss of or damage to scheduled Buildings, Business Income and Extra Expense.

9. All payments on the Policy were current, and the Policy was in full force and effect between the dates of 06-30-2023 through 06-30-2024, and during the subject date of loss.

10. On or about 05/16/2024, during the policy period, the Plaintiff's insured property at 301 Vista Rd, Pasadena, TX 77504 sustained severe wind and hail damage. These perils are covered under the Policy.

11. Upon discovery of the damages, and in accordance with the terms of the Policy, Plaintiff promptly reported the claim.

12. Defendant assigned claim number ABPAC24070383 to the loss, and assigned Wesley Heath to investigate and adjust the claim.

13. Defendant scheduled an initial inspection and inspected the property on 08-12-2024, where Plaintiff allowed Defendant's field adjuster access to the property.

14. Plaintiff and/or their representatives did not prevent or obstruct the Defendant's field adjuster from inspecting and documenting the damages at the property.

15. Plaintiff complied with any and all of Defendant's requests for information, and provided Defendant with all information necessary for them to render a coverage decision in favor of Plaintiff.

16. Following the initial inspection, Plaintiff followed up with Defendant for updates and offers of assistance.

17. Despite there being visible and documented damage from a covered peril, the Defendant has breached the Policy by failing to pay Plaintiff their full benefits due and owing under the Policy.

18. As a result, Plaintiff sent Defendant a Notice of Intent to Sue letter on or about 02-03-2025 in accordance with Texas Insurance Code Chapter 542, which was set to expire on or about 04-03-2025.

19. Included in Plaintiff's Notice of Intent to Sue was an estimate for damages totaling $546,360.55.

20. Defendant let Plaintiff's Notice of Intent to Sue letter expire without curing its breach.

21. Plaintiff thereafter retained Forensic Building Science, Inc., a licensed building consultant, which inspected the Properties on or about 04-01-2025 and prepared a detailed repair estimate of the wind and hail damage to the Properties, including the interior, exterior, and roof framing. Forensic Building Science, Inc. determined that the replacement cost value of the covered

repairs is $1,250,908.65, with an actual cash value of $1,211,836.50.Plaintiff's damages accordingly total no less than $1,250,908.65, exclusive of interest, attorneys' fees, costs, and statutory penalties.

22. To date Defendant has failed to: 1) conduct a reasonable investigation into the cause of loss; 2) issue timely payment for the undisputed damages; 3) issue payment for all lines of coverage owed under the Policy; and 4) confirm or deny the claim within a reasonable amount of time.

23. Plaintiff has attempted to obtain full and complete payment for the covered damages pursuant to the insurance policy.

24. Defendant, acting through its agents, servants, representatives, and employees has failed to properly investigate, evaluate, and adjust Plaintiff's claim for benefits in good faith and has further failed to deal fairly with Plaintiff.

25. Defendant has failed to pay for all covered damages on a timely basis as required by the insurance contract and as required by the Texas Insurance Code Chapters 541 & 542. Instead, Defendant has denied coverage for the damage when coverage for those damages under the Policy was reasonably clear.

26. Plaintiff has cooperated with every request made by Defendant and has displayed, at reasonable times, all their relevant records, documents, buildings and contents that are the subject of this loss.

27. Defendant has persisted in delay or denial to pay the full amounts due to Plaintiff even though a person of ordinary prudence and care would have done otherwise.

28. No reasonable basis exists for Defendant to delay and/or refuse to provide covered benefits due and owing under the insurance policy in question.

29. No reasonable basis exists for Defendant to delay and/or refuse to pay covered benefits due and owing under the insurance policy in question.

30. Defendant has misrepresented to Plaintiff that the damage to the property was not due to the covered perils of wind and hail from the storms of 05/16/2024, even though the damages were caused by the covered perils.

31. Defendant failed to settle the claim in a fair manner, although Defendant was aware of liability to Plaintiff under the Policy, in violation of Texas Insurance Code Chapters 541 & 542.

32. Defendant refused and/or failed to properly evaluate the covered damage to Plaintiff's Properties, forcing Plaintiff to hire their own experts and incur additional expenses.

33. Defendant refused to fully compensate Plaintiff under the terms of the Policy because the Defendant failed to conduct a reasonable investigation, in violation of the Texas Insurance Code Chapters 541 & 542.

34. Defendant performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the Properties. Defendant's conduct constitutes violations of the Texas Insurance Code Chapters 541 & 542.

35. Defendant failed to meet its obligations under the Texas Insurance Code Chapters 541 & 542 regarding payment of claims without delay. Specifically, Defendant has delayed full payment of claims longer than allowed and to date Plaintiff has not yet received full payment for the claim. Defendant is in violation of Texas Insurance Code Chapters 541 & 542.

36. From and after the time Plaintiff's claim was presented to Defendant, its liability to pay the full claims in accordance with the terms of the Policy was reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

37. As a result of Defendant's acts and omissions, Plaintiff was forced to retain the undersigned attorney who represents Plaintiff in this cause of action.

38. Plaintiff's experience is not an isolated case. The acts and omissions committed by Defendant, in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant, with regard to handling these types of claims.

Defendant's entire process is unfairly designed to reach favorable outcomes for the insurance company at the expense of the policyholder.

39. Plaintiff has complied with all post-loss obligations under the Policy and the Defendant was not prejudiced in its investigation.

40. Plaintiff satisfied all conditions precedent required before filing the instant action.

41. Defendant's delay in paying the amounts due and owing to Plaintiff subjects Defendant to payment for accrued interest, attorney fees, and any other relief provided for by law.

## COUNT I – BREACH OF CONTRACT

42. Plaintiff hereby re-alleges the allegations contained in paragraphs 1 through 41 as set forth above, and incorporates the same herein by reference.

43. This is a cause of action for damages by Plaintiff against Defendant for Breach of the subject insurance contract.

44. Plaintiff and Defendant executed a valid and enforceable written insurance contract providing insurance coverage to the insured locations at:

a. 301 Vista Rd, Pasadena, TX 77504

45. The insurance contract provided coverage for the perils of wind and hail among other perils. Defendant has a complete copy of the Policy in its possession.

46. All damages and loss to Plaintiff's property were the direct result of perils for which Plaintiff is insured pursuant to the Policy herein, wind and hail.

47. Defendant sold the Policy insuring the Property in its "as is" condition.

48. Plaintiff suffered a loss with respect to the property at issue and additional expenses as a result of the wind and hail damage.

49. Plaintiff submitted a claim to Defendant pursuant to the contract of insurance for damages as a result of the wind and hail damage.

50. Plaintiff provided Defendant with proper notice of damage to the Property.

51. Defendant by and through its agents failed to properly evaluate the damage resulting from the covered causes of loss, wind and hail.

52. Defendant by and through its agents failed to retain the appropriate experts and/or consultants to evaluate the wind and hail damage to the subject property.

53. As of this date, Defendant has failed to pay for the wind and hail damages to Plaintiff.

54. As a direct result of Defendant's breach of the Policy, Plaintiff has sustained damages in an amount of no less than $1,250,908.65, the replacement cost of the covered repairs to the Properties, together with such additional amounts as are proven at trial.

55. Plaintiff has attempted to obtain full and complete payment for covered losses pursuant to Defendant's Policy.

56. Defendant, acting through its agents, servants, representatives, and employees, has failed to properly investigate, evaluate and adjust Plaintiff's claim for benefits in good faith and has further failed to deal fairly with Plaintiff.

57. Defendant has failed and refused to evaluate the information surrounding facts regarding Plaintiff's covered claim, choosing instead to hide behind palpably incorrect assumptions and conclusions of its agents, employees, or consultants.

58. As a direct result of Defendant's breach of the Policy, Plaintiff was required to hire the undersigned attorney and has become obligated to pay attorneys' fees and costs in connection with the prosecution of this action.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter an award against Defendant for compensatory damages in an amount of no less than $1,250,908.65, pre-judgment interest, attorneys' fees, and costs, and all other and further relief this Honorable Court deems just and proper.

## COUNT II – VIOLATIONS OF TEXAS INSURANCE CODE CHAPTER 541 (UNFAIR CLAIM SETTLEMENT PRACTICES)

59. Plaintiff hereby re-alleges the allegations contained in paragraphs 1 through 58 as set forth above and incorporates the same herein by reference.

60. This is a cause of action for damages by Plaintiff against Defendant for committing acts in violation of the unfair claims settlement practices of Texas Insurance Code Chapter 541.

61. Defendant is an entity that is required to comply with Texas Insurance Code Chapter 541.

62. Texas Insurance Code Chapter 541 prohibits insurers from engaging in unfair methods of competition and unfair or deceptive acts or practices in the business of insurance (Tex. Ins. Code § 541.003). This includes making misrepresentations about policies, failing to act in good faith, and refusing to reasonably investigate claims. Defendant has violated these statutory requirements.

63. Defendant's conduct constitutes multiple violations of Chapter 541, including but not limited to:

a. Misrepresentation of Material Facts (Tex. Ins. Code § 541.061): Defendant either made untrue statements or misrepresented material facts, including:

   i. Failing to state a material fact necessary to make other statements not misleading;

   ii. Making misleading statements about the policy's benefits, coverage, and/or meaning;

   iii. Making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

   iv. Making a material misstatement of law; or

   v. Failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of this code.

b. Failure to Attempt a Fair Settlement (Tex. Ins. Code § 541.060(a)(2)): Defendant failed to settle the claim in good faith when liability became reasonably clear.

c. Failure to Provide a Reasonable Explanation for Denial (Tex. Ins. Code § 541.060(a)(3)): Defendant did not provide a prompt or reasonable explanation for their coverage and payment decision.

d. Refusal to Conduct a Reasonable Investigation Before Denial (Tex. Ins. Code § 541.060(a)(7)): Defendant denied the subject claim without conducting a proper investigation.

64. Defendant's unfair claims practice, as described above, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.

65. By accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, Defendant has engaged in an unconscionable action or course of action as prohibited by Texas Insurance Code Chapter 541, taking advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, resulting in a gross disparity between the consideration paid in the transaction and the value received.

66. Defendant's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, took longer than the amount of time statutorily allowed, as described above, and is a violation of Texas Insurance Code Chapter 541. Such conduct constitutes a non-payment of the claim.

67. As a direct result of Defendant's unfair claims practices, Plaintiff was required to hire the undersigned attorney and has become obligated to pay attorneys' fees and costs in connection with the prosecution of this action.

68. Defendant's failure to comply with the prompt payment provisions of Texas law has caused Plaintiff additional economic harm, necessitating this legal action.

**WHEREFORE**, Plaintiff demands judgment against Defendant for actual damages suffered as a result of Defendant's violations of Texas Insurance Code Chapter 541; treble damages

pursuant to Tex. Ins. Code § 541.152(b) for knowing violations; reasonable attorney's fees and court costs; pre- and post-judgment interest at the maximum rate allowed by law; and any other relief this Court deems just and proper.

**COUNT III – VIOLATIONS OF TEXAS INSURANCE CODE CHAPTER 542 (PROMPT PAYMENT OF CLAIMS ACT)**

69. Plaintiff hereby re-alleges the allegations contained in paragraphs 1 through 68 as set forth above and incorporates the same herein by reference.

70. This is a cause of action for damages by Plaintiff against Defendant for committing acts in violation of the Texas Insurance Code Chapter 542, also known as the Prompt Payment of Claims Act.

71. Defendant is an entity that is required to comply with Texas Insurance Code Chapter 542.

72. Texas Insurance Code Chapter 542 establishes strict deadlines for insurers to acknowledge, investigate, and pay claims. Failure to comply with these deadlines results in statutory penalties, including interest and attorney's fees. Defendant has violated these statutory requirements.

73. Defendant's conduct constitutes multiple violations of Chapter 542, including but not limited to:

a. Failure to Acknowledge Receipt of Claim (Sec. 542.055): Defendant failed to acknowledge receipt of the claim within the time required by law.

b. Failure to Timely Investigate the Claim (Sec. 542.055 & 542.056): Defendant failed to begin an investigation or request necessary documentation within 15 days of receiving notice of the claim.

c. Failure to Approve or Deny the Claim Within Required Timeframe (Sec. 542.056): Defendant failed to notify Plaintiff of acceptance or denial of the claim within 15 business days after receiving all requested information.

d. Failure to Pay the Claim Within Required Timeframe (Sec. 542.057): Defendant failed to issue payment within 5 business days after agreeing to pay the claim.

e. Unjustified Delay in Payment (Sec. 542.058): Defendant delayed payment beyond 60 days without a valid reason, thereby subjecting itself to penalties under Texas law.

74. Defendant's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, took longer than the amount of time statutorily allowed, as described above, and is a violation of Texas Insurance Code § 542.058. Such conduct constitutes a non-payment of the claim.

75. Defendant's failure to comply with the prompt payment provisions of Texas law has caused Plaintiff additional economic harm, necessitating this legal action.

76. As a direct result of Defendant's failure to timely investigate and pay the claim, Plaintiff was required to hire the undersigned attorney and has become obligated to pay attorneys' fees and costs in connection with the prosecution of this action.

**WHEREFORE**, Plaintiff demands judgment against Defendant for statutory damages, including 18% annual interest on the claim amount pursuant to Tex. Ins. Code § 542.060; reasonable attorney's fees and court costs; pre- and post-judgment interest at the maximum rate allowed by law; and any other relief this Court deems just and proper.

## KNOWLEDGE AND INTENT

77. Each of the acts described above, together and singularly, was done "knowingly" and "intentionally" and was a producing cause of Plaintiff's damages described herein.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for those issues that are so triable against Defendant pursuant to law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant as follows:

1. Defendant breached the contract, entitling Plaintiff to recover the benefit of their bargain. The Court further finds that Plaintiff is entitled to actual damages, including the loss of benefits that should have been paid under the Policy in an amount of no less than $1,250,908.65, as well as attorney's fees pursuant to applicable state law.
2. Defendant violated Texas Insurance Code Chapter 542, entitling Plaintiff to 18% annual interest on the claim amount pursuant to Tex. Ins. Code § 542.060; reasonable attorney's fees and court costs; pre- and post-judgment interest at the maximum rate allowed by law; and any other relief this Court deems just and proper.
3. Defendant violated Texas Insurance Code Chapters 541 and 542, entitling Plaintiff to treble damages pursuant to Tex. Ins. Code § 541.152(b) for knowing violations; reasonable attorney's fees and court costs; pre- and post-judgment interest at the maximum rate allowed by law; and any other relief this Court deems just and proper.
4. Awarding such other relief as this Court deems just and proper.

Respectfully submitted,

**NATIONAL INSURANCE ADVOCATES, LLP**
*/s/ Anthony Pastor, Esq.*

Anthony Pastor, Esq.
Bar No.: 24144592
*Attorneys for Plaintiff*
6330 Manor Lane, Suite 200
Miami, FL 33143
Primary Email: service@nia.law
Secondary Email: anthony@nia.law
PH: (833) 701-4110